J-S28018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK ROYB WEDDERBURN | |
| Appellant | No. 1372 EDA 2013 |

Appeal from the Judgment of Sentence April 12, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004751-2011

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 06, 2014**

Patrick Royb Wedderburn appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County following his convictions for corrupt organizations, possession with intent to deliver, possession of a controlled substance, criminal use of communications facility, dealing in proceeds of unlawful activities and criminal conspiracy. We vacate the judgment of sentence and remand for resentencing.

A jury found Wedderburn guilty of the above-described offenses, after which the court sentenced him under the mandatory minimum statute. *See* 18 Pa.C.S. § 7508. Thereafter, Wedderburn filed a brief with this Court without first submitting a Pa.R.A.P. 1925(b) statement. By order dated

_____

[*] Retired Senior Judge assigned to the Superior Court.

August 1, 2014, we remanded this matter to the trial court and directed Wedderburn to file a concise statement of errors complained of on appeal *nunc pro tunc*. On September 3, 2014, the trial court issued its Pa.R.A.P. 1925(a) Opinion, in which the Honorable William R. Carpenter properly recognized the need to remand this case for resentencing pursuant to ***Alleyne v. United States***, 133 S. Ct. 2151 (2013).

On appeal, Wedderburn challenges the legality of his sentence, claiming that the trial court's sentence violated the United States Supreme Court's holding in ***Alleyne***, as applied by this Court in ***Commonwealth v. Newman***, ___ A.3d ___, 2014 PA Super 178 (filed August 20, 2014). Pursuant to ***Alleyne***, any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury, and found beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2160; ***accord***, ***Newman***. Wedderburn correctly argues that the trial court erred when it found him eligible for imposition of a mandatory minimum sentence, but failed to submit to the jury the issue of the quantity of the controlled substance and whether the amount implicated a mandatory minimum sentence.

At the time of sentencing in this matter, which preceded the decision in ***Alleyne***, the trial court acted in accordance with the law, which resulted in the imposition of the mandatory minimum sentence. However, such action cannot now withstand judicial scrutiny as it results in an illegal

sentence. Accordingly, we vacate the judgment of sentence and remand this case for re-sentencing.

Judgment of sentence vacated. Case remanded for resentencing in accordance with **Alleyne** and **Newman**. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2014